## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE CARRILLO RIVERA**, | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | **EP-19-CV-00299-DCG** |
| | § | |
| **MANPOWERGROUP US, INC.,** and | § | |
| **JOHN DOE OPERATOR,** | § | |
| | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Presently before the Court is Plaintiff Jose Carrillo Rivera's "Motion for Leave to File Plaintiff's Second Amended Complaint" (ECF No. 32) ("Motion"), filed on September 4, 2020. Therein, Plaintiff seeks leave to amend his complaint for a second time, after the deadline to do so has already expired, to identify Defendant John Doe Operator ("John Doe") as Mr. Ubaldo Gabriel Acosta Leyva. Mot. at 2, ECF No. 32. Having carefully considered the parties' arguments, the Court **GRANTS** Plaintiff's motion. The Court further **REMANDS** this case to the state court for lack of subject matter jurisdiction.

## I.   BACKGROUND

On August 29, 2019, Plaintiff filed his original petition against Defendants Manpower US, Inc.[1] ("Manpower") and John Doe in state court, asserting negligence and vicarious liability claims for alleged bodily injury resulting from a forklift accident on October 31, 2017. *See* Notice of Removal, Ex. 2 at 1–8, ECF No. 1. Manpower filed its original answer on October 14, 2019, generally denying all allegations and claims. *Id.*, Ex. 4. One day later, Manpower timely removed to federal court based on diversity jurisdiction. *Id.* at 1. Because the identity of John

---

[1] According to Defendant Manpower, Plaintiff incorrectly named it "ManpowerGroup". *See* Ans. to Am. Compl. at 1, ECF No. 22.

Doe was still allegedly unknown at the time, his citizenship was disregarded for purposes of the removal. *Id.*, n.1.

On November 6, 2019, Manpower sought leave from the Court to designate Becton Dickinson as a responsible third party under Texas Civil Practice & Remedies Code § 33.004. *See* ECF No. 2; Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a) ("A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party."). Although Plaintiff initially opposed Manpower's request, he then withdrew his opposition. *See* ECF No. 3 & 8. Accordingly, the Court granted Manpower's request on December 19, 2019. *See* Order, ECF No. 9.

That same day, the Court also issued its original Scheduling Order (ECF No. 10), which provided that the deadline to file all motions to amend or supplement pleadings or to join additional parties was March 18, 2020. *See* Scheduling Order at 1, ECF No. 10. On the day of the deadline, Plaintiff filed an unopposed "Motion for Leave to File Plaintiff's Amended Complaint" (ECF No. 20) because Plaintiff had amended his original petition to conform with the Federal Rules of Civil Procedure. In his amended complaint, Plaintiff still asserted that John Doe's identity was unknown to him at that time. *See* Am. Compl. ¶ 3, ECF No. 21.

On April 7, 2020, Manpower filed its answer to Plaintiff's amended complaint, asserting, in part, that it was "without knowledge or information sufficient to form a belief as to the allegations that Plaintiff claimed regarding whether . . . John Doe . . . was [its] employee[.]" Ans. to Am. Compl. ¶ 4, ECF No. 22. Notably, Manpower also invoked therein the borrowed servant doctrine by way of affirmative defense, asserting that Becton Dickinson "[was] vicariously liable" for John Doe's actions "to the extent that Becton Dickinson had the right to direct and control" the actions of John Doe under *respondeat superior. Id.* ¶ 19. On September

4, 2020, Plaintiff filed the instant motion.  Mot. at 1.

## II.   STANDARDS

While Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings shall be "freely" given, Rule 16(b) governs amendment of pleadings, where, as here, the scheduling order deadline to amend pleadings has passed.  *S&W Enters. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) provides: "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Consequently, "[o]nly upon the movant's demonstration of good cause . . .  will the more liberal standard of Rule 15(a) apply." *Hawthorne Land Co. v. Occidental Chem. Corp*., 431 F.3d 221, 227 (5th Cir. 2005) (internal quotes and citation omitted).

A district court has "broad discretion to preserve the integrity and purpose of [its] pretrial order," *S & W Enters*., 315 F.3d at 535 (internal quotes and citation omitted), and therefore, broad discretion in deciding whether to permit amendment of pleadings after the deadline, *Crostley v. Lamar Cty., Tex.*, 717 F.3d 410, 420 (5th Cir. 2013); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins*., 869 F.3d 381, 391 (5th Cir. 2017) ("The district court is entrusted with the discretion to grant or deny a motion to amend" under Rule 15(a).).

## III.   DISCUSSION

**A.     Good Cause Analysis Under Rule 16(b)(4).**

The four factors relevant to good cause are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (internal quotes and citation omitted).  "No single factor is dispositive, nor must all the factors be present."  *Sapp v. Mem'l*

*Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010) (citing *S&W Enters.*, 315 F.3d at 536–37).

### (1) Explanation for the Failure to Timely Move for Leave to Amend

Plaintiff filed this motion nearly five months after the deadline to file motions for leave to amend pleadings, which was March 18, 2020. Plaintiff explains that Manpower, for the first time since the start of the litigation, recently disclosed the identity of John Doe to him on August 7, 2020. Mot. at 1. Indeed, Manpower formally supplemented its Rule 26(a)(1) Initial Disclosures identifying John Doe as Ubaldo Gabriel Acosta Leyva on August 23. Mot., Ex. 3. Plaintiff further avers that he filed the instant motion as soon as reasonably practical upon discovery of John Doe's identity. Mot. at 3.

The Court finds Plaintiff's explanation is satisfactory because neither the record shows nor Manpower avers that Plaintiff was ever not diligent in seeking the identity of John Doe since the start of the litigation. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) ("The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."). The Court finds that this factor favors finding good cause.

### (2) Importance of the Amendment

While Plaintiff does not explicitly explain the amendment's importance in his filings, the Court nevertheless finds that the amendment is important to ensure that all those who allegedly participated in causing the Plaintiff's bodily injury are held accountable, if found liable. Moreover, the newly discovered identity of John Doe serves to support Plaintiff's allegations for his claims against both defendants. The Court finds that this factor favors finding good cause.

### (3) Potential Prejudice in Allowing the Amendment

Prejudice occurs where the delay resulting from a court's granting leave to amend "hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial." *Dueling v. Devon Energy Corp.*, 623 F. App'x. 127, 130 (5th Cir. 2015).  The Fifth Circuit and "other circuits have found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Id.* (citing, among others, *Smith v. EMC Corp.*, 393 F.3d 590, 594–96 (5th Cir. 2004)).

Here, on September 9, 2020, the parties filed an "Agreed Motion to for Continuance of Trial Setting and Extension of Other Scheduling Orders and Deadlines" (ECF No. 33), in which they requested 90-day extension of all remaining pretrial deadlines because the exigent circumstances presented by the coronavirus/COVID-19 pandemic had substantially delayed discovery.  *See* ECF No. 33.  The Court granted the parties' agreed motion to continue the pretrial deadlines in view of Chief Judge Orlando L. Garcia's s "Order[s] Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic,"[2] and issued its "Amended Scheduling Order" (ECF No. 34) with the deadlines that the parties had proposed.

As such, considering the new pretrial deadlines above, Plaintiff filed the instant motion approximately three months before the close of discovery, five months before the dispositive motion deadline, and almost nine months before the current trial setting.  To be sure, allowing Plaintiff to amend its complaint may require Mr. Acosta Leyva to prepare his pleadings and other filings for this case.  But the current pretrial deadlines would more than substantially alleviate any potential prejudice to Manpower and Mr. Acosta Leyva, especially in view of the COVID-19

---

[2] These orders are available online at: https://www.txwd.uscourts.gov/coronavirus-covid-19-guidance/.

pandemic, which has substantially halted progress in most, if not all, actions pending before the Court, including the instant case.  Further, Plaintiff is not seeking to add any new claims, but only to identify John Doe as Ubaldo Gabriel Acosta Leyva, who in fact is also represented by Manpower's counsel.  Mot., Ex. 3 at 1.  Therefore, this factor favors finding good cause.

### (4) Availability of a Continuance to Cure Such Prejudice

As mentioned above, because of the COVID-19 pandemic, a continuance to cure any potential prejudice remains available.  This factor favors finding good cause.

### (5) Balancing the Good-Cause Factors

All factors weigh in favor of finding good cause.  The Court, therefore, finds that there is good cause for permitting Plaintiff to amend his Complaint after the deadline to amend pleadings has passed.

## B.    Rule 15(a) Analysis.

Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The language of this rule evinces a bias in favor of granting leave to amend." *Smith*, 393 F.3d at 595 (internal quotes and citation omitted).  "Absent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, . . . undue prejudice to the opposing party, [or the futility of the amendment,] the discretion of the district court is not broad enough to permit denial." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (internal quotes and citation omitted).  "Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." *Id.*

### 1.    Undue Delay and Prejudice, Bad Faith, Dilatory Motive, and Repeated Failures.

The record shows no indication of bad faith, dilatory motive, undue prejudice, or repeated failures to cure.  Although Plaintiff is amending his complaint to add Mr. Acosta Leyva a little

more than a year after he filed his original petition in state court, the delay is not undue under the circumstances present here.  *See N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co*., 898 F.3d 461, 478 (5th Cir. 2018) ("In reviewing the timeliness of a motion to amend, delay alone is insufficient: The delay must be *undue*, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." (emphasis in original) (internal quotes and citation omitted)).  Plaintiff also previously amended his Complaint only once to conform his original claims to the Federal Rules of Civil Procedure, and he did so in a timely manner.  *Cf. Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, CV 12-1979, 2016 WL 9408552, at *4 (E.D. La. Nov. 21, 2016) ("The Fifth Circuit has found that more than two previous amendments amount to repeated failure to cure such that denial of the amendment is not improper." (citing *Hermann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 566 (5th Cir. 2002))).

### 2.  Futility.

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *see also Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 182 (5th Cir. 1980) ("Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief.").  For instance, a claim will be deemed futile if it is barred by the relevant statute of limitations.  *See Winzer v. Kaufman Cty.*, 916 F.3d 464, 471 (5th Cir. 2019) (affirming district court's denial of plaintiff's motion to add claims because "those claims were futile as barred by the statute of limitations").

Here, Manpower argues that Plaintiff's claims against Mr. Acosta Leyva would be futile because they are time-barred by the applicable statute of limitations under Texas law.  Resp. in

Opp'n at 2, ECF No. 35.  In Texas, "a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues."  Tex. Civ. Prac. & Rem. Code § 16.003(a).  Manpower contends that Plaintiff's claims have been time-barred since October 31, 2019—two years after the date of the underlying incident.  Resp. in Opp'n at 3.

More specifically, Manpower argues that Plaintiff's claims against Mr. Acosta Leyva do not relate back either under Texas relation-back law or Rule 15(c)(1)(C) because a party cannot substitute a "John Doe" defendant with a newly identified defendant for claims that are already time-barred.  *Id.* at 3 (citing *Riston v. Doe*, 161 S.W.3d 525, 528 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *id.* at 5 (citing *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998)).  Manpower avers that Plaintiff's amended complaint cannot relate back because Plaintiff committed no mistake in identifying John Doe; rather, "the problem was not being able to identify that defendant" as Mr. Acosta Leyva within the two-year limitations period.  *Id.* at 3 (citing *Riston*, 161 S.W.3d at 529–30); *id.* at 5 (citing *Osborne*, 133 F.3d at 321).

Plaintiff concedes that he was unable to discover identity of John Doe within the limitations period.  However, he contends that this is true solely because Manpower has been concealing John Doe's identity since the start of the litigation.  Reply at 1, ECF No. 37.  In support, Plaintiff proffers an email that Manpower's counsel sent to his counsel on August 7, 2020, which had enclosed therewith an accident investigation safety report dated November 6, 2017, that was prepared by Manpower's representative, Jonathan Williams.  Mot., Exs. 1 & 2. This report contains Mr. Acosta Leyva's handwritten account of the incident at issue in this case. *Id.*, Ex. 2.  The report also states that Manpower has been aware of the underlying incident since the day it occurred—October 31, 2017.  *Id.*

After due consideration, the Court concludes that Plaintiff's claims against Mr. Acosta

Leyva are not time-barred because, while Plaintiff's amended complaint does not relate back to his original petition, the limitations period must be equitably tolled under the present circumstances.  In other words, Plaintiff's claims against Mr. Acosta Leyva are not futile.

### a.  Rule 15(c) Applies Here, Not the Texas Relation-Back Law.

As threshold matter, the Court first determines whether federal or state relation-back law applies in view that this case was removed from state court.  The Fifth Circuit has held that the "Federal Rules of Civil Procedure provide that they 'apply to a civil action *after* it is removed from a state court." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (emphasis in original) (citing Fed. R. Civ. P. 81(c)(1)).  Hence, the Federal Rules of Civil Procedure cannot retroactively apply to "the procedural aspects of a case that occurred in state court prior to removal to federal court." *Id.*

Put into context, the Texas relation-back statute applies when a plaintiff amends a complaint in state court; but Rule 15(c) applies when a plaintiff amends a complaint after the case is removed to federal court.  *See, e.g.*, *Edwards v. Am. Healthways Services, LLC*, SA-14-CV-588-XR, 2014 WL 7372955, at *5 (W.D. Tex. Oct. 29, 2014) ("Edwards filed the first amended complaint in federal court, so Rule 15(c) no doubt applies."); *Wright v. Dollar Tree Stores, Inc.*, 3:14-CV-01472-N, 2014 WL 11456816, at *2 (N.D. Tex. Sept. 16, 2014) ("Wright's motion to amend was filed after removal in this Court.  Accordingly, under the Federal Rules of Civil Procedure and the Fifth Circuit's holding in *Taylor*, there is no articulated reason why the Court should apply the Texas relation back rule.").

Here, Plaintiff's motion to amend was filed after removal to this Court—September 4, 2020.  Additionally, it is undisputed that Manpower removed the instant case before the statute of limitations expired on October 31, 2019.  *See* Notice of Removal at 3 (filed October 15,

2019).  Accordingly, the Court analyzes whether Plaintiff's amendment relates back under Rule

15(c).

### b. Under Fifth Circuit Precedent, Rule 15(c) Does Not Permit Substitution of Named Defendants for "John Doe" Defendants.

Rule 15(c) of the Federal Rules of Civil Procedure states, in relevant part:

An amendment to a pleading relates back to the date of the original pleading when:

. . .

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[3] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).  There is no dispute as to whether Plaintiff's amendment satisfies

Rule 15(c)(1)(B).  Therefore, the Court only analyzes the remaining requirements in the rule.

Rule 15(c)(1)(C) "is meant to allow an amendment changing the name of a party to relate

back to the original complaint only if the change is the result of an error, such as a misnomer or

misidentification."  *Osborne*, 133 F.3d at 320 (quoting *Barrow v. Wethersfield Police Dep't*, 66

F.3d 466, 469 (2d Cir. 1995)).  However, when a plaintiff names "a 'John Doe' defendant, there

[is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to

identify that defendant."  *Balle v. Nueces Cty., Texas*, 952 F.3d 552, 557 (5th Cir. 2017)

(alterations in original) (quoting *Osborne*, 133 F.3d at 321)).

---

[3] Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]"

For instance, in *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), a plaintiff filed a timely complaint naming "Deputy John Doe" as one of several defendants. *Osborne*, 133 F.3d at 317.  After the limitations period had passed, the plaintiff learned the identities of the three deputies involved in the incident and moved to add them as defendants. *Id.*  The Fifth Circuit held that since the plaintiff's amendment "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)(1)(C) is aimed," then "the Rule does not allow relation back to the filing of the original complaint." *Id.* at 321–22.  The circumstances here are essentially the same: since Plaintiff's amendment is predicated on him being unable to identify John Doe and not on a "mistake" or "misidentification", Plaintiff's amendment cannot relate back to the date of his original petition.

> ### c.  *But Because of the Circumstances Surrounding the November 6, 2017 Accident Report, Equitable Tolling Applies in the Instant Case.*

However, Plaintiff's amended complaint may still survive the futility inquiry if the circumstances surrounding the November 6, 2017 accident report justify applying the doctrine of equitable tolling.  "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id.*

The Court also looks to Texas's equitable tolling principles because the Texas statute of limitations applies in cases asserting state common law claims that are removed to federal court based on diversity jurisdiction, such as the one here. *Cf. Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) ("Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control.").  "Texas courts sparingly apply equitable tolling and

look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the

doctrine to avoid the consequences of their own negligence . . . . Federal courts also apply the

doctrine sparingly." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (citations omitted)

(internal quotation marks omitted).  "Texas [also] permits the tolling of limitations where a

plaintiff's legal remedies are precluded by the pendency of other legal proceedings." *See Holmes*

*v. Tex. A & M Univ.*, 145 F.3d 681, 684–85 (5th Cir. 1998).

The Fifth Circuit's opinion in *Green v. Doe*, 260 F. App'x 717 (5th Cir. 2007), is

particularly instructive on this issue.  In *Green*, the Fifth Circuit held that the plaintiff's § 1983

claim should have been equitably tolled "because the delay in determining the identity of 'John

Doe' [was] not attributable to" the plaintiff's actions.  *Id.* at 719.  The plaintiff had "filed

motions for discovery twice before limitations expired" but "the district court denied both

motions."  *Id.*  Moreover, he had filed his lawsuit "almost eleven months before the running of

the statute."  *Id.*  Thus, "if he had not been denied discovery[,] he would have had sufficient time

to identify the officer and amend his complaint under rule 15(a) without need to relate back

under rule 15(c)."  *Id.* at 720.  Further, the Fifth Circuit expressly distinguished its decision from

*Osborne*, noting that in *Osborne*

> there was no justification for equitable tolling; the delays that plagued the case were
> the fault of the plaintiff; the defendants sought to move discovery forward. Plaintiff
> had the assistance of discovery but failed to take advantage of that power and
> depose witnesses in a timely manner that would have allowed him to identify the
> "John Doe" and amend his complaint.

*Id.* at 719.  The Fifth Circuit also noted that to refuse to equitably toll the statute of limitations

after the plaintiff had "diligently sought to discover the identity of 'John Doe' would be

tantamount to eliminating the use of a 'John Doe' in bringing any suit."  *Id.*  While John Doe

suits are "disfavored," they "[serve] the legitimate function of giving a plaintiff the opportunity

to identify, through discovery, unknown defendants.  *Id.*  Moreover, in considering Texas's

equitable tolling principles, the Fifth Circuit concluded that

> [the plaintiff's] legal remedy was precluded by the erroneous denial of discovery
> and the subsequent dismissal of his suit as frivolous and by the refusal to provide
> the name of the officer ultimately identified by the state. Though the legal
> proceedings following the erroneous denial of discovery are not technically pendent
> proceedings, they are other proceedings that have precluded [the plaintiff's] pursuit
> of his claimed legal remedy.

*Id.* at 720.

In cases dealing with similar issues, most sister courts within the Fifth Circuit applying

*Green* have refused to equitably toll a limitations period because the plaintiffs filed suit too late

to allow discovery of the John Doe defendants.  *See, e.g.*, *Salazar v. Zapata Cty.*, 5:16-CV-

00292, 2018 WL 8017042, at *11 (S.D. Tex. Dec. 6, 2018) (filed less than three months before

limitations ran); *Parker v. Bill Melton Trucking, Inc.*, 3:15-CV-2528-G, 2016 WL 7131204, at *4

(N.D. Tex. Dec. 5, 2016), *aff'd*, 715 F. App'x. 438 (5th Cir. 2018) (filed one month before

limitations ran); *Rogers v. Buchanan*, 3:12-CV-2458-M-BN, 2015 WL 5772203, at *6 (N.D.

Tex. Aug. 4, 2015) (filed weeks before limitations ran); *Amin-Akbari v. City of Austin*, Tex., 52

F. Supp. 3d 830, 842 (W.D. Tex. 2014) (filed days before limitations ran); *Spencer v. Doe*, No.

3:10–cv–1801–N–BH, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011) (filed two weeks

before limitations ran); *Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (filed two

months before limitations ran); *Nazerzadeh v. Harris Cty.*, 2010 WL 3817149, *36 (S.D. Tex.

Sept. 27, 2010) (filed on last day of limitations period).

But in applying the Fifth Circuit's reasoning from *Green*, the Court concludes that

Plaintiff's claims against Mr. Acosta Leyva must be equitably tolled "because the delay in

determining the identity of 'John Doe' [was] not attributable to" Plaintiff's actions.  *Id.* at 719.

First, equitable tolling is not precluded here as Plaintiff does not have "an adequate legal or

statutory remedy to avoid the consequences of the statute of limitations", *Lambert*, 44 F.3d at 298, because the Fifth Circuit has held that "relation back is inapplicable because under [its] precedents[,] Rule 15(c) does not permit substitution of named defendants for 'John Doe' defendants." *Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998).

Second, the record strongly supports applying the doctrine of equitable tolling.  Plaintiff filed his suit in state court on August 29, 2019—a little more than two months before the limitations period ran.  Notice of Removal, Ex. 2 at 1.  In his original petition, Plaintiff requested Manpower to disclose, within 51 days of service, the information described in Texas Rule of Civil Procedure 194.2(a) through (i), which include "the correct names of the parties to the lawsuit", "the name, address, and telephone number of any potential parties", and "the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case. " *Id.*, Ex. 2 at 7; Tex. R. Civ. P. 194.2(a)–(b), (e).  But during those 51 days, Manpower removed to federal court based on diversity jurisdiction on October 15, 2019, two weeks before the limitations period ran.  *Id.* at 1.  Notably, Manpower asserted in its Notice of Removal that John Doe's citizenship had to be disregarded for purposes of removal because his identity was unknown.  *Id.* n.1.

Yet, the record indicates that, even before Plaintiff filed his suit in state court, Manpower had been in exclusive possession of the November 6, 2017 accident report that it only just disclosed to Plaintiff on August 7, 2020.  Thus, Manpower cannot credibly claim that John Doe's identity was unknown to it at the time of removal and before the limitations ran because Manpower has known his identity since at least either the day of the incident (October 31, 2017), or the date that Jonathan Williams, Manpower's representative, prepared the relevant accident report with Mr. Acosta Leyva's account of the incident (November 6, 2017).  Mot., Exs. 1 & 2.

In effect, the record here shows that "it was the defense, rather than . . . [P]laintiff, who failed to identify the individual defendant despite [Plaintiff's] requests for that information." *Byrd v. Abate*, 964 F. Supp. 140, 146 (S.D.N.Y. 1997).

In truth, it can be argued that, when compared to other similar cases, the record suggests that Plaintiff was not diligent enough in pursuing his claims against both defendants by filing his suit too late to allow discovery of the identity of John Doe. However, the Court is of the view that Plaintiff's case is distinguishable from other similar cases within the Fifth Circuit. For example, in *Salazar v. Zapata County*, 5:16-CV-00292, 2018 WL 8017042, (S.D. Tex. Dec. 6, 2018), the court refused to toll the limitations period for a plaintiff who filed suit less than three months before limitations ran because he had left "himself too little time to conduct discovery." *Id.* at *11. But compared to the instant case, *Salazar* involved claims under 42 U.S.C. § 1983 against public officials for which courts usually stay discovery "pending resolution of . . . immunity issues." *Williamson v. United States Dep't. of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987). Indeed, the Fifth Circuit has mandated that "until resolution of the threshold question of the application of an immunity defense, discovery [in § 1983 cases] should not be allowed." *Nieto v. San Perlita Indep. Sch. Dist.*, 894 F.2d 174, 177 (5th Cir. 1990) (quotation omitted). The instant case, however, does not involve a § 1983 claim against a public official and the Court never granted any stay of discovery. Neither did Manpower ever file a motion arguing that Plaintiff had failed to plead a plausible claim against it to justify a stay of discovery. *See Blue Star Press LLC v. Blasko*, No. 17-CA-111-OLG-HJB, 2018 WL 1904835, at *16, n. 6 (W.D. Tex., March 6, 2018) ("A claimant is not entitled to discovery to try and find facts to support conclusory statements in his pleadings.").

*Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011), another § 1983 case, is also

distinguishable from the instant case. The court there refused to toll the limitations period because the plaintiff filed suit two months before limitations ran—just as Plaintiff did in this case. *Id.* at \*4. But besides the evident differences between the instant case and the typical § 1983 case discussed above, *Gaia* is also distinguishable because the defendant-city in that case "did not have any incident reports regarding the alleged assault by jail officials or any information regarding the identification of the John Doe defendants." *Id.* at \*3. In fact, the parties in *Gaia* were only able to identify the two officers who allegedly assaulted the *pro se* plaintiff months after the limitations ran, when the defendant-city showed the plaintiff during his deposition some photographs of the police officers it employed. *Id.*

The circumstances in *Gaia* could not be any more different than the ones present in the instant case. It is not as if Manpower needed to "identify [John Doe] by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident." *Gage v. Unknown Dallas Police Officer*, 3:11-CV-1599-D-BH, 2011 WL 5979386, at \*1 (N.D. Tex. Sept. 22, 2011). As the record clearly indicates, not only had Manpower exclusive possession of the contemporaneous accident report with Mr. Acosta Leyva's own handwritten account of the underlying incident, but the report itself also states that Manpower became aware of the incident the same day it occurred. Nonetheless, Manpower neither disclosed this accident report nor John Doe's identity to Plaintiff at any time before August 7, 2020. According to Plaintiff, Manpower's counsel had always represented that Manpower did not know John Doe's identity despite multiple inquiries by Plaintiff's counsel. Mot. at 2. Consequently, if the Court were to rule in favor of Manpower under the circumstances, such ruling "would permit defense counsel to eliminate claims against any John Doe defendant merely by resisting discovery requests until the statute of limitations has ended." *Byrd*, 964 F. Supp. at 146. "Thus, strict application of

limitations would be inequitable [here], because the delay in determining the identity of 'John Doe' is not attributable to [Plaintiff]." *Green*, 260 F. App'x. at 719.

And third, Texas law supports the tolling of limitations here because Plaintiff's "legal remedies [in discovering John Doe's identity were] precluded by the pendency of other legal proceedings"—namely, Manpower's removal to federal court. *Holmes*, 145 F.3d at 684–85. Indeed, Texas law lends more support to the tolling of limitations here than in *Green* because Manpower's removal to federal court was an *actual* pendent legal proceeding that precluded Plaintiff's legal remedy to discover John Doe's identity. *Cf. Green*, 260 F. App'x. at 720 ("Though the legal proceedings following the erroneous denial of discovery are not technically pendent proceedings, they are other proceedings that have precluded Green's pursuit of his claimed legal remedy."). Additionally, it seems rather suspect that had Manpower timely disclosed to Plaintiff that John Doe was Mr. Acosta Leyva, who just happens to be a Texas citizen, Manpower's removal would have been precluded. *See* 28 U.S.C.A. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Simply put, had Manpower disclosed the identity of John Doe prior to removal, Plaintiff "would have been able to identify and timely file suit against the unknown defendant" and the case would have remained in state court. *Parker*, 2016 WL 7131204, at *4 (citing *Green*, 260 F. App'x at 720)).

To be sure, Manpower was served with Plaintiff's original petition and disclosure requests on September 17, 2019—44 days before the limitations period ran. Notice of Removal, Ex. 2 at 8. Even so, when it filed its answer denying all allegations presumably after a reasonable inquiry nearly one month later on October 14, 2019, and removing to federal court

the day after, Manpower still had two weeks to disclose John Doe's identity to Plaintiff before the limitations ran.  As Manpower itself argued in its "Initial Brief Regarding Its Motion for Leave to Designate Becton Dickinson as Responsible Third Party" (ECF No. 5), "[n]otwithstanding the different disclosure obligations imposed by the Federal and Texas Rules of Civil Procedure, a defendant has a duty to disclose the existence of any potential responsible . . . parties *as soon as reasonably possible*[.]"  ECF No. 5 at 8 (quoting *Mejia v. Big Lots Stores, Inc.*, No. SA-13-CA-504, 2015 WL 11622484 at *2 (W.D. Tex. May 20, 2015)) (emphasis added).  As Manpower also noted in its brief, "[u]nder Rule 26(a) of the Federal Rules of Civil Procedure, *a party must disclose certain information, including the identities of relevant individuals, 'without awaiting a discovery request' from the other side*."  *Id.* (citing *Mejia*, 2015 WL 11622484 at *2) (emphasis added); *see also* Fed. R. Civ. P. 26(a) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]").

Therefore, as the Fifth Circuit held in *Green*, the Court concludes that the limitations period here must be equitably tolled because a "strict application of the statute of limitations would be inequitable" under the circumstances.  *Green*, 260 F. App'x. at 719.

**C.**     **No Prejudice Results from the Destruction of Subject Matter Jurisdiction.**

But Manpower argues that, even if Plaintiff's claims against Mr. Acosta Leyva are not time-barred, the Court should not allow Plaintiff to amend his complaint because it would destroy diversity in this lawsuit and force the Court to remand the case to state court.  Resp. in Opp'n at 6.

"[W]hen faced with an amended pleading naming a new nondiverse defendant in a removed case, [courts] should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Courts "should use [their] discretion in deciding whether to allow that party to be added." *Id.*  "[J]ustice requires that [courts] consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.*  These factors include: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) whether plaintiff will be significantly injured if amendment is not allowed;" and (4) "any other factors bearing on the equities." *Id.*  Courts, "with input from the defendant, should then balance the equities and decide whether [a plaintiff's] amendment should be permitted." *Id.*  If the court permits the amendment naming a new nondiverse defendant, then it must remand to the state court. *Id.*  But if the court does not permit such amendment, it maintains jurisdiction over the action. *Id.*

Manpower avers that its "interest in the choice of forum far outweighs Plaintiff's potential injury suffered [if the] amendment is not allowed" for the following reasons: (1) Plaintiff's amendment is likely motivated by his intent to defeat federal jurisdiction; (2) Plaintiff's claims against Mr. Acosta Leyva are already embedded in his vicarious liability claims against Manpower; and (3) Manpower has already expended significant resources in removing this case to this Court and complying with the Court's various procedural requirements.  Resp. in Opp'n at 7–8.  But after applying the *Hensgens* factors, the Court disagrees with Manpower.

First, nothing on the record suggests that Plaintiff's amendment to add Mr. Acosta Leyva constitutes an effort to defeat diversity jurisdiction.  Since the start of the litigation, Plaintiff

named John Doe as a defendant in his original state court petition, "thereby indicating [that] Plaintiff[] always intended to list [Mr. Acosta Leyva] as a named defendant" once he discovered his identity, regardless of his citizenship.  *Vallejo v. All Ways Auto Transport*, LLC, CV 19-721-BAJ-SDJ, 2020 WL 5415248, at *3 (M.D. La. July 8, 2020).  It is not as if Plaintiff knew John Doe's identity even before filing his original petition and just recently decided to name Mr. Acosta Leyva as a defendant.  *See Johnson v. Faniel*, 6:17-CV-0571, 2020 WL 814186, at *3 (W.D. La. Feb. 18, 2020) (finding that the record suggested that plaintiff intended to destroy diversity because the proposed defendants had always been known to him, noting that "the police report for the underlying incident on which plaintiff's petition [was] based specifically name[d]" the proposed defendants).

If anything, the record suggests that it was Manpower the party which took steps obtain federal jurisdiction in an attempt to avoid litigating in state court.  As mentioned above, since November 6, 2017, Manpower has been in exclusive possession of the contemporaneous accident report identifying Mr. Acosta Leyva as Plaintiff's John Doe defendant, which it only just disclosed to Plaintiff on August 7, 2020.  Had Manpower disclosed the report or John Doe's identity to Plaintiff, removal of this case to this Court would have been precluded because Mr. Acosta Leyva is a Texas citizen for purposes of diversity.  Conspicuously absent from Manpower's response in opposition is any explanation as to why Manpower, after reasonable inquiry, inadvertently overlooked the accident report and just barely disclosed it to Plaintiff. Instead, Manpower's response in opposition only superficially asserts that "both . . . [Manpower] and Plaintiff learned of the identity of 'John Doe' only recently."  Resp. in Opp'n at 6.

Second, nothing on the record suggests that Plaintiff has been dilatory in asking for the amendment because he has been diligently seeking to discover John Doe's identity since the

beginning.  Even if Plaintiff's amendment appears dilatory in any way, as already discussed above, the record shows that "the delay in determining the identity of 'John Doe' is not attributable to" Plaintiff's actions, but to Manpower's.  *Green*, 260 F. App'x at 719.

Third, the record shows that Plaintiff will be significantly injured if the Court does not permit the amendment.  That Plaintiff's claims against Mr. Acosta Leyva are already embedded in his vicarious liability claims against Manpower does not render all of Plaintiff's claims against him superfluous.  In his original petition, first amended complaint, and proposed second amended complaint, Plaintiff has consistently asserted a pure negligence claim against John Doe (or Mr. Acosta Leyva) for causing his alleged bodily injury irrespective of Manpower's own negligence, if any.  *See* Notice of Removal at 5–6, Am. Compl. ¶¶ 10–11; Mot., Ex. 4 ¶¶ 10–11.  As such, if the Court does not permit the amendment and Manpower later prevails in ruling out that it is liable or responsible for any percentage of damages, then Plaintiff would not be able to recover any damages from Mr. Acosta Leyva, if liable.  Nor could Plaintiff pursue those same claims against him in a new state court suit because the limitations period has already passed.

And fourth, the record shows that other factors bearing on the equities, such as notice to Mr. Acosta Leyva and the interests in the forum of choice, actually weigh in favor of allowing Plaintiff's amendment.  To begin with, the Court disagrees with Manpower that Plaintiff failed to provide sufficient notice to Mr. Acosta Leyva as to whether he would be named as a defendant in the instant action.  Manpower's own amended disclosures to Plaintiff indicate that Mr. Acosta Leyva and Manpower are represented by the same counsel.  Mot., Ex. 3 at 1.  Accordingly, notice of the allegations and claims against Mr. Acosta Leyva can be imputed to him through his shared counsel because (1) Plaintiff's original petition put counsel on notice before the limitations ran that one of Manpower's employees involved in the incident was named a John

Doe defendant in the suit; and (2) Mr. Acosta Leyva's identity was information uniquely accessible to shared counsel. *Osborne*, 133 F.3d at 320; *see also Byrd* 964 F. Supp. at 46–47 ("Counsel certainly knew that Hults would have been named as a defendant well before the limitations period ended, but for plaintiff's inability to obtain this information from Counsel itself.").

As to Manpower's interests in the forum, Manpower argues that it has an interest in a federal forum because it has expended significant resources in removing to this Court.  Resp. in Opp'n at 7.  But as other courts within the Fifth Circuit have held in this type of situations, "a plaintiff also has an interest in litigation in the forum of his choice."  *DiVincenti v. Netflix, Inc.*, CV 19-9513, 2020 WL 5645878, at *5 (E.D. La. Sept. 22, 2020).  In fact, Manpower's failure to timely disclose John Doe's identity and citizenship for purposes of diversity prior to removal arguably served to deprive Plaintiff ("the master of his claims") from his own choice of forum. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  As such, "[i]f the amendment is not permitted, . . . [Plaintiff] will be denied [his] choice of forum, despite having initially filed suit in state court against two parties against whom [he has] stated potentially valid causes of action." *Gaspard One, L.L.C. v. BP Am. Prod. Co.*, CIV.A. 07-1551, 2008 WL 4279631, at *7 (W.D. La. Sept. 17, 2008).  Thus, the Court is of the view that Manpower's interest in a federal forum is no more compelling than Plaintiff's interest in the state forum he initially chose.  Lastly, the remarks of a sister court in this Circuit are equally applicable here: "[t]he Court cannot help but point out that neither party would be significantly inconvenienced since this Court and the state court are only blocks away from each other."  *DiVincenti*, 2020 WL 5645878, at *5.  Therefore, based on the foregoing analysis, the Court finds that *Hensgens* factors weigh in favor of allowing Plaintiff to file its proposed second amended complaint.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Jose Carrillo Rivera's "Motion for Leave to File Plaintiff's Second Amended Complaint" (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that, upon the filing of Plaintiff's Second Amended Complaint, the instant action **SHALL** be **REMANDED** to the 120th District Court, sitting in El Paso County, Texas.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL MAIL** a certified copy of this Order to the District Clerk of El Paso County, Texas.

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL CLOSE** this case.

**So ORDERED and SIGNED this 6th day of October 2020.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**